UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN C. AYERS, on behalf of himself and as Representative of all individuals over 250 pounds who were denied employment based upon their weight,

    Plaintiff,

-vs-

MULTIBAND FIELD SERVICES, INC., a Delaware Corporation

    Defendant.

Case No:
Hon:

Removed from the Circuit Court for the County of Midland, Michigan
State Court No: 13-9346-CD

---

JULIE A. GAFKAY (P53680)
TRAVIS I. DAFOE (P73059)
**GAFKAY & GARDNER PLLC**
Attorneys for Plaintiff
175 S. Main Street
Frankenmuth, MI 48734
(989) 652-9240

ALLAN S. RUBIN (P44420)
EMILY M. PETROSKI (P63336)
CHRISTINA A. DASKAS (P52757)
**JACKSON LEWIS LLP**
Attorneys for Defendant.
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900 (Phone)
(248) 936-1901 (Fax)
rubina@jacksonlewis.com
emily.petroski@jacksonlewis.com
daskasc@jacksonlewis.com

---

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Multiband Field Services, Inc. ("Multiband" or "Defendant"), by its attorneys, Jackson Lewis LLP, hereby removes this action

from the Midland County Circuit Court, State of Michigan, where it is currently pending, to the United States District Court for the Eastern District of Michigan. In support of its Notice of Removal, Defendant states as follows:

1. On or about January 15, 2013, Plaintiff John C. Ayers commenced this action against Defendant, Case No. 13-9346-CD, in the Circuit Court for the County of Midland, State of Michigan, alleging that Defendant violated the Elliot Larson Civil Rights Act ("ELCRA") by engaging in weight discrimination, contrary to the provisions of M.C.L. § 37.2191, *et seq.* (Ex. 1, ¶¶ 1, 2, 14-23). The Complaint is pled as a class action and contains class allegations within the body of the Complaint. (Ex. 1, ¶¶ 2, 8, 9, 18, Prayer for Relief). A copy of the Summons and Complaint are attached hereto as Exhibit 1.

2. Defendant was served with a copy of the Summons and Complaint in this matter by personal service on January 23, 2013. (*See* Exhibit 2).

4. Plaintiff alleges that he is a citizen of the United States and resides in the County of Midland, State of Michigan. (Ex. 1, ¶ 4).

5. Although alleged in the Complaint to be a Michigan Corporation (Ex. 1, ¶ 5), Defendant is in fact a Delaware Corporation, which maintains its principal place of business in the City of Minnetonka, Minnesota. (*See* Ex. 3, Application for Certificate of Authority to Transact Business in Michigan, p. 1, §§ 3-4). Accordingly, the parties hereto are diverse. *See, e.g., Hertz v. Friend*, 559 U.S. 77 (2010).

6. The amount in controversy, more likely than not, exceeds the sum of $75,000 based upon the following:

    A. Plaintiff alleges that he was discriminated against based upon weight in the hiring process employed by Defendant. (Ex. 1, ¶¶ 1, 10 -23). In particular, Plaintiff alleges that Defendant has a policy that unlawfully

    discriminates against persons who weigh in excess of 250 pounds, in violation of the ELCRA, and absent this policy, he would have been hired. (Ex. 1, ¶ 17).

  B. Plaintiff alleges that he and the putative class have suffered compensatory damages in excess of the sum of $25,000. Plaintiff seeks for himself and the putative class, lost wages and the value of fringe benefits, both past and future. (Ex. 1, Prayer for Relief). Plaintiff also alleges that he suffered a loss of earnings and earning capacity, loss of career opportunities, humiliation and embarrassment, mental and emotional distress, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice. (Ex. 1, ¶ 23). Plaintiff also claims that he and the putative class suffered in excess of $25,000 in exemplary damages. (Ex. 1, Prayer for Relief, ¶¶ (a) and (b)).

  C. Plaintiff also seeks injunctive relief enjoining defendant from imposing a weight restriction in its hiring practice. (See Ex. 1, Prayer for Relief). When a party seeks equitable relief, the amount-in-controversy is measured "by the value of the object in the litigation." *Billy v. Orlans Assocs., PC*, 2012 U.S. Dist. LEXIS 153243 (E.D. Mich. Oct. 25, 2012) (citing, *Northup Props., Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 770 (6th Cir. 2009). Should the court grant the requested injunctive relief, Multiband would have to replace ladders which it currently uses with ladders rated for higher weight limits. Assuming that ladders with a higher weight rating could be acquired even at costs similar to the ladders currently in use, the estimated cost to replace the ladders currently in use with ladders with a higher rating would be in excess of the $75,000 jurisdictional limit contained in 28 U.S.C. § 1332(a).

7. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because (A) the amount in controversy, exclusive of interest and costs, is more likely than not in excess of Seventy-Five Thousand Dollars ($75,000.00); and (B) Plaintiff and Defendant are citizens of different states.

8. Removal is timely under 28 U.S.C. § 1446(b), as fewer than thirty (30) days have passed since Defendant received service of Plaintiff's Complaint.

3

10. Notice of Removal has been served upon Plaintiff by mail and a Notice of Filing Notice of Removal is being promptly filed with the Clerk of the Court for the County of Midland, State of Michigan, pursuant to § 1446(b). (Ex. 4)

WHEREFORE, Defendant, Multiband Field Services, Inc., respectfully requests that the above-entitled action now pending in the Circuit Court for the County of Midland, State of Michigan, be removed pursuant to 28 U.S.C. §§ 1332, 1441, 1446; that this Court accept jurisdiction of this action; and henceforth that this action be placed upon the docket of this Court for further proceedings as if this case had been originally instituted in this Court.

**JACKSON LEWIS LLP**

By: s/Allan S. Rubin
ALLAN S. RUBIN (P44420)
EMILY M. PETROSKI (P63336)
CHRISTINA A. DASKAS (P52757)
Attorneys for Defendant
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900 (Phone)
(248) 936-1901 (Fax)
rubina@jacksonlewis.com
emily.petroski@jacksonlewis.com
daskasc@jacksonlewis.com

Dated: February 22, 2013

4

## VERIFICATION

ALLAN S. RUBIN, first being duly sworn, deposes and says that he is the agent and attorney for the Defendant, Multiband Field Services, Inc., and that the foregoing Notice of Removal is true in substance and in fact to the best of his knowledge, information and belief.

Respectfully submitted,

s/Allan S. Rubin
ALLAN S. RUBIN (P44420)
EMILY M. PETROSKI (P63336)
CHRISTINA A. DASKAS (P52757)
JACKSON LEWIS LLP
Attorneys for Defendant.
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900 (Phone)
(248) 936-1901 (Fax)
rubina@jacksonlewis.com
emily.petroski@jacksonlewis.com
daskasc@jacksonlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, and mailed the foregoing paper to Plaintiff's counsel at the address listed in the caption above. In addition, I caused to be mailed a copy of the forgoing document addressed to: JULIE A. GAFKAY (P53680); TRAVIS I. DAFOE (P73059); **GAFKAY & GARDNER PLLC,** Attorneys for Plaintiff, 175 S. Main Street, Frankenmuth, MI 48734 with postage fully paid.

Respectfully submitted,

s/Allan S. Rubin
ALLAN S. RUBIN (P44420)
JACKSON LEWIS LLP
Attorneys for Defendant.
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900 (Phone)
(248) 936-1901 (Fax)
rubina@jacksonlewis.com

5