UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN C. AYERS,

        Plaintiff,                                  Case No. 13-10765
                                                        Honorable Thomas L. Ludington

v.

MULTIBAND FIELD SERVICES, INC.,

        Defendant.

_____/

**ORDER AWARDING FEES**

       John Ayers applied for a job with Multiband Field Services, Inc. on September 25, 2012. He wanted to be a Field Service Technician, a position that involves (among other things) installing satellite dishes. But Ayers did not get the job. He believes that Multiband did not hire him because he weighs more than 250 pounds, in violation of his rights, so he filed a complaint in Michigan state court. On February 22, 2013, Multiband removed the case pursuant to diversity jurisdiction.

       Although Ayers's complaint originally contained only one count for disparate treatment, he amended the complaint to include a second claim based on disparate impact. Multiband then brought a motion to dismiss the additional claim. The Court concluded that the disparate-impact claim was utterly meritless given the facts of this case, dismissed it, and awarded fees under 28 U.S.C. § 1927. *See* Sept. 18, 2013 Order, ECF No. 19. Supplemental briefing was directed to determine the amount of an appropriate award.

       In its supplemental brief, Multiband indicates that $7,536 in attorney's fees is warranted. *See* Def.'s Supp. Br. 1, ECF No. 19. The one-page brief is supported by Allan Rubin's affidavit. Ayers's counsel, on the other hand, believes such an amount is unreasonable. Although counsel

maintains that § 1927 sanctions are not warranted at all, she suggests that sanctions be "no greater than $2,500" given this Court's discretion.  *See* Pl.'s Supp. Br. 4–5, ECF No. 21.

Generally, fee awards "become proper only after counsel knew or should have known that the claim has no factual or legal basis."  *Bailey v. Papa John's USA, Inc.*, 236 F. App'x 200, 205 (6th Cir. 2007).  And, once it is established that sanctions are warranted, "the district court must determine the amount."  *Id*.  Absent bad faith, "a defendant should be awarded attorney fees only to the extent counsel for defendant worked on the claim after plaintiff knew or should have known the claim was frivolous and should be withdrawn."  *Id*.

Although Multiband's request for approximately $7,500 may be reasonable under the typical lodestar approach, such an award exceeds what is necessary to accomplish the goal of deterring future sanctionable conduct by Ayers's counsel.  *See Tilmon-Jones v. Bridgeport Music, Inc.*, No. 06-14048, 2013 WL 2353975, at *1 (E.D. Mich. May 29, 2013) (awarding less than the lodestar amount under 28 U.S.C. § 1927 when that amount was unnecessary to deter sanctionable conduct).

Moreover, the reason sanctions are appropriate at all—the overwhelming legal authority foreclosing Ayers's disparate-impact claim—cuts against a large award.  Just as Ayers's counsel should have known the claim was meritless with only limited research, only limited research and drafting should have been necessary for Multiband's counsel to articulate its position.  So, as Ayers's counsel suggests, $2,500 will be awarded.

Accordingly, it is **ORDERED** that Ayers's counsel is **DIRECTED** to remit $2,500 to Multiband no later than **November 8, 2013**.

Dated: October 22, 2013                               s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 22, 2013.

s/Tracy A. Jacobs<br>TRACY A. JACOBS